GEORGE CHAPMAN, PLAINTIFF *v.* HON. RAYMOND J. DONOVAN, DEFENDANT

Court No. 85–1–00049

Before DICARLO, *Judge.*

(Decided January 16, 1986)

*George Chapman,* pro se.
*Richard K. Willard,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch (*Sheila N. Ziff*), for defendant.

### Memorandum Opinion and Order

DICARLO, *Judge:* On October 25, 1985, the Court held that a final determination by the Secretary of Labor (Labor) that workers at the Duolite International, Inc. (Duolite) plant at Redwood City, California were ineligible for trade adjustment assistance under section

223 of the Trade Act of 1974 (the Act), 19 U.S.C. § 2273 (1982), was not supported by substantial evidence on the record. *Chapman* v. *Donovan,* 9 CIT 545, Slip Op. 85–113 (October 25, 1985). Labor's determination was vacated and the action remanded.

Labor found that the workers were ineligible for assistance because an increase in imports did not contribute importantly to reduced production at the Redwood City plant and to the workers' separation from employment.[1]

The Court found the record did not support Labor's determination in two respects.

First, Labor based its determination in part on the negligible level of nationwide imports of "surface active agents" into the United States in 1982. But there was no indication whether "surface active agents" are "like or directly competitive," as required by 19 U.S.C. § 2272(3), to the ion exchange resins produced at the Redwood City plant, and, by considering only 1982 data on national imports of "surface active agents," Labor ignored a dramatic increase in ion exchange resin imports from a Duolite plant in France in the first five months of 1984.

Second, there was not substantial evidence in the record to support a conclusion that the workers were separated for a reason other than imports. Nothing in the record indicated where consumers of the products produced at the Redwood City plant turned for ion exchange resins after that plant reduced production.

On December 5, 1985, Labor filed with the Court a supplement to the administrative record. A "Revised Determination on Reconsideration" was published in the Federal Register on December 10, 1985. 50 Fed. Reg. 50356 (1985).

After further investigation Labor found that imports of ion exchange resins increased from an estimated five percent of domestic production in 1983 to seven percent in 1984, and continued to increase in the first six months of 1985. Rohm & Haas Company, which acquired Duolite's plants in Redwood City and France in May, 1984, increased company imports and supplied the same customers previously supplied by Duolite. Rohm & Haas officials said that sales of imported products were more profitable than sales of domestic products because of the increased value of the dollar relative to European currencies.

Labor concluded that increased imports of articles like or directly competitive with ion exchange resins produced at the Redwood City

---

[1] The notice of Labor's determination stated in part:

Petitioners allege that increased imports by Duolite contributed importantly to the separation of workers at the Redwood City plant. Imports from Duolite's facility in France increased substantially in January through May 1984 compared to the same period in 1983. However, production at Redwood City did not decline during this period.

In May 1984 Diamond Shamrock Corporation, Duolite's parent company, completed negotiations with a major international chemical manufacturer for the sale of Duolite's Redwood City plant and the Duolite plant located in France. Subsequent to taking over the Redwood City facility, the new firm restructured the production schedule resulting in the separation of several workers in June 1984.

Imports of surface-active agents are negligible. Imports were less than two percent in relation to domestic production in 1982. Although 1983 domestic production figures are not yet available, trade and industry sources indicate that imports remained at less than two percent in relation to domestic production.

49 Fed. Reg. 49,733 (1984).

plant contributed importantly to the separation of workers at that plant, and certified the eligibility of those workers to apply for adjustment assistance. The determination affected an estimated seventy workers.

The Court holds that the revised determination is supported by substantial evidence on the record, and is affirmed. Judgment will be entered accordingly. SO ORDERED.